UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DOMENIQUE L. KEELEY,<br><br> Plaintiff,<br><br>v.<br><br>NATIONWIDE CAPITAL SERVICES, LLC<br>D/B/A STRUCTURED SETTLEMENT,<br><br> Defendant. | Case No. 6:21-cv-01067 |

**NOW COMES** DOMENIQUE L. KEELEY ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of Defendant NATIONWIDE CAPITAL SERVICES, LLC, doing business as STRUCTURED SETTLEMENT ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Domenique L. Keeley ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Waco, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. Defendant maintains its principal place of business at 4300 East Sunset Road, Suite D1, Henderson, Nevada 89014.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Prior to the events that give rise to this cause of action, Plaintiff applied for and was granted 2 personal loans ("subject loans") one with Credit Ninja ("CN") and another with American Webloan ("AW").

11. Due to unforeseen circumstances, Plaintiff fell behind on her obligations to CN and AW resulting in default. Sometime thereafter, Defendant acquired the rights to collect the subject loans from Plaintiff personally.

12. In or around June 2021, Plaintiff started to receive collection calls from Defendant attempting to collect on the subject loans.

13. During the first phone call, Defendant's representative failed to identify herself and was extremely rude to Plaintiff.

14. During a subsequent conversation with Defendant, Plaintiff advised that she could only afford $50 a month toward the subject loans.

15. Defendant stated that the minimum it would take was $140 per month, applied as $89.47 to CN and $50 to AW.

16. Plaintiff agreed to make the payment in July but informed Defendant that the $140 per month was not a plan to which she could commit as she was only financially capable of making payments of $50 per month.

17. As promised, Plaintiff made the payment of $140 on July 30, 2021.

18. Before Plaintiff's next payment of $140 was due, Plaintiff called Defendant and advised that she would not have sufficient funds to cover the payment and requested that Defendant not withdraw the funds from her account.

19. Unmoving, Defendant stated that there was no way to stop the payment.

20. Defendant attempted to take the funds out of Plaintiff's account against her wishes; however, as foretold by Plaintiff, the payment failed.

21. Due to the payment failure, the payment plan between Plaintiff and Defendant defaulted.

22. As a result of the default, Defendant started calling Plaintiff again.

23. Defendant threatened to sue Plaintiff for not paying the subject loans.

24. Plaintiff again stated that she could pay $50 per month toward the subject loans, but Defendant rejected this offer.

25. On September 20, 2021, Plaintiff spoke with Defendant's representative who agreed to take $50 toward the AW loan and to place the repayment of the CN loan on hold.

26. Plaintiff and Defendant set up a follow-up time to speak on September 27, 2021.

27. On September 28, 2021, Defendant's representative, Tammy, called Plaintiff. Tammy requested that Plaintiff call back on October 1, 2021, to make the first $50 payment.

28. Tammy also took Plaintiff's debit card information in order to withdraw payments from her account on the 15th of every month thereafter as agreed.

29. On October 4, 2021, Defendant's representative, Cathy, called Plaintiff, who was unable to answer the phone because she was at work.

30. Several minutes later, Cathy called Plaintiff again and stated that she was attempting to collect on the CN loan.

31. Plaintiff advised Cathy that Defendant had agreed to put the CN loan on hold while she made payments on the AW loan.

32. Cathy stated that was impossible because it was not something that Defendant could do.

33. Cathy then stated that she would speak with her supervisor and put Plaintiff on hold.

34. When Cathy came back to the phone, she reiterated that Defendant could not put an account on hold.

35. Plaintiff advised that she would not have agreed to the payment arrangements if she had known of Defendant's inability to put the CN loan on hold.

36. Ultimately during this conversation, concerned that Defendant would take further collection action, Plaintiff made another payment toward the subject loans of $60.95, which was money Plaintiff needed for essential goods.

37. Concerned with Defendant's deceptive collection practices, Plaintiff retained counsel to help her resolve this matter.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

### a. Violations of FDCPA § 1692e

39. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

40. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

41. Section 1692e(5) of the FDCPA prohibits a debt collector from making "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

42. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated §§1692e and e(2) when it advised Plaintiff that the CN loan would be put on hold and then breached this promise.

44. Specifically, the CN loan's status was changed from "on hold" to being active again, confusing Plaintiff and coercing Plaintiff into a payment plan that she would not have agreed to otherwise.

45. Defendant violated §§ 1692e and e(5) when it threatened to sue Plaintiff for failing to pay the subject loans.

46. Specifically, Defendant had no intention of suing Plaintiff for the subject loans but was merely attempting to dragoon her into making a payment on the subject loans.

47. Defendant violated §§1695e and e(10) when it promised to put the CN loan on hold in order to set up a payment plan with Plaintiff when it had no intention of doing so.

### b. Violations of FDCPA § 1692f

48. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

49. Defendant violated §1692f when it unfairly and unconscionably attempted to take a payment from Plaintiff's account without her authorization.

50. Specifically, Plaintiff called Defendant to advise that she could not make the August 2021 payment as agreed and requested that Defendant not withdraw the funds.

51. Contrary to Plaintiff's request and without regard to the consequences to Plaintiff, Defendant attempted to take the funds from Plaintiff's account.

52. As an experienced debt collector, Defendant knew or should have known the ramifications of attempting to take unauthorized funds from a consumer.

53. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

54. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, DOMENIQUE L. KEELEY, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Section 392.302(2) prohibits a debt collector from "placing telephone calls without disclosing the name of the individual making the call. . ." Tex. Fin. Code §392.302(2).

57. Section 392.302(8) of the Texas Finance Code prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt. . ." Tex. Fin. Code Ann. § 392.302(4).

58. Defendant violated Tex. Fin. Code Ann. § 392.302(2) during its first phone call with Plaintiff when Defendant's representative failed to identify herself.

59. Defendant violated Tex. Fin. Code Ann. §392.302(8) when it advised Plaintiff that the CN loan would be put on hold and then breached this promise.

60. Specifically, the CN loan's status was changed from "on hold" to being active again, confusing Plaintiff and coercing Plaintiff into a payment plan that she would not have agreed to otherwise.

**WHEREFORE**, Plaintiff, DOMENIQUE L. KEELEY, requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§392.302(2) and 391.302(8);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff her reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: October 14, 2021

Respectfully Submitted,

**DOMENIQUE L. KEELEY**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
**Sulaiman Law Group**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-mail: mdaher@sulaimanlaw.com